## STATE v. HOWIE.

(Filed April 29, 1902.)

1. PLEADINGS—*Warrant—Not Guilty—Pleas.*

   Where a defendant pleads guilty in a court of a justice of the peace, to a warrant charging no offense, and on appeal the warrant is amended in the superior court, it is error to refuse to allow him to change his plea to not guilty.

2. ARREST OF JUDGMENT—*Pleadings—Appeal—Warrant.*

   A defendant who pleads guilty in the superior court may carry up, by a motion in arrest of judgment, the question whether the charge against him constitutes an offense.

INDICTMENT against Dock Howe, heard by Judge *Walter H. Neal* and a jury, at July Term, 1901, of the Superior Court of UNION County.

Defendant was arrested upon a warrant issued by a Justice of the Peace. The offense intended to be charged was for a failure to work upon the public roads, of which the Justice of the Peace had final jurisdiction. The warrant was fatally defective in that it did not charge facts which constitute an offense. At the trial upon the warrant before the Justice, defendant pleaded guilty, and from the judgment rendered against him appealed to the Superior Court. In the Superior Court, upon motion of the Solicitor, the warrant was amended, and as amended the defendant pleaded "Not guilty." But, as the record states, the "Court having inspected the warrant, announced to the defendant's counsel that it appeared from the warrant and the return of the Justice of the Peace that the defendant pleaded guilty before the Justice of the Peace, that this was an offense which Courts of Justices of the Peace have final jurisdiction, and the Court would hold that if the defendant pleaded guilty before the Justice, he could not now change his plea, and that the

judgment of the Justice would be affirmed." The defendant, through his counsel, admitted that a plea of guilty was entered before the Justice on the warrant as it stood before any amendment was made. "The Court then stated that it would have the jury empaneled and let them pass on the question as to whether that plea was entered before the Justice." The jury was empaneled, and under appropriate instructions of the Court on that issue, the jury found the defendant guilty." Thereupon, the Court rendered judgment as follows: "The judgment of the Court is that the judgment of the Justice of the Peace be affirmed," to which defendant excepted, and (together with other motions which were overruled and excepted to, and assignments of error) moved in arrest of judgment; motion overruled, and the defendant appealed from the judgment pronounced.

*Robert D. Gilmer, Attorney-General,* for the State.
*Redwine & Stack,* for the defendant.

Cook, J., after stating the case. His Honor erred in ignoring the amended warrant, and also in holding that defendant was estopped from changing his plea upon appeal in the Superior Court. The amended warrant and plea of "Not guilty" thereto made by defendant having been ignored by his Honor (to which no exception was taken), we can only pass upon the questions presented to us by the case on appeal, the most important of which is raised by the motion in arrest of judgment.

The warrant to which defendant pleaded "Guilty" in the Justice's Court charged no criminal offense whatsoever. Therefore, no judgment could be rendered upon it. His plea of "Guilty" was simply an admission that the facts charged were true, and, if being true and constituting no offense, then he would be guilty of no offense. He does not call in

question the facts charged, but relies upon them for his justification.    "The appeal could only bring up for review the question whether the facts charged, and of which the defendant admitted himself to be guilty, constitute an offense punishable under the laws and Constitution."    *State v. Warren,* 113 N. C., 684.    Chitty on Criminal Law, page 431, states the principle to be that "No confession, however large or explicit, will prevent the defendant from taking exceptions in arrest of judgment to faults apparent in the record"; and Wharton's Criminal Practice and Pleading (9th Edition), Sec. 413, states the principle to be that "By a plea of guilty, defendant first confesses himself guilty in manner and form as charged in the indictment; and if the indictment charges no offense against the law, none is confessed.    Hence, in such cases there may be motions for arrest of judgment or writ of error."

In this case no motion in arrest of judgment was made in the Justice's Court, but upon appeal the trial of the whole matter is had *de novo* in the Superior Court, where he had the right to make the motion.

No criminal offense having been charged in the warrant upon which his Honor ruled, it was error in not allowing the motion in arrest of judgment.

Judgment Arrested.